UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | Case No. 7:24-cv-00338 <br><br> JURY TRIAL DEMANDED |

**DEFENDANT MICROSOFT CORPORATION'S ANSWER TO COMPLAINT FOR ALLEGED PATENT INFRINGEMENT**

Defendant Microsoft Corporation ("Defendant" or "Microsoft") hereby provides its Answer and Affirmative Defenses to Plaintiff VirtaMove, Corp.'s ("VirtaMove" or "Plaintiff") Complaint for Patent Infringement. Microsoft has adopted headings found in the Complaint for ease of reference. However, to the extent that such headings themselves contain factual and legal characterizations, Microsoft denies such characterizations. Microsoft denies all allegations not expressly admitted.

In response to the first paragraph, Microsoft admits that Plaintiff purports to bring a patent infringement action under Title 35 of the United States Code but denies all allegations of infringement and denies that Plaintiff is entitled to any relief.

**INTRODUCTION AND PARTIES**[1]

**Complaint No. 1:** This complaint arises from Defendant's unlawful infringement of the following United States patents owned by VirtaMove, each of which generally relate to novel containerization systems and methods: United States Patent Nos. 7,519,814 and 7,784,058

---

[1] For ease of reference, Microsoft has adopted the headings used in VirtaMove's Complaint. To the extent these headings contain any allegations to which a response is required, Microsoft denies any such allegations.

1

1617647690

(collectively, the "Asserted Patents"). VirtaMove owns all right, title, and interest in each of the Asserted Patents to file this case.

**Answer to Complaint No. 1:** Microsoft denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of the Asserted Patents and denies that Plaintiff is entitled to any relief. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 and therefore denies them.

**Complaint No. 2:** VirtaMove, Corp. is a is a corporation organized and existing under the laws of Canada, having its place of business at 110 Didsbury Road, M083, Ottawa, Ontario K2T 0C2. VirtaMove is formerly known as Appzero Software Corp. ("Appzero"), which was established in 2010.

**Answer to Complaint No. 2:** Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies them.

**Complaint No. 3:** VirtaMove is an innovator and pioneer in containerization. At a high level, a container is a portable computing environment. It can hold everything an application needs to run to move it from development to testing to production smoothly. Containerization lowers software and operational costs, using far fewer resources. It provides greater scalability (for example, compared to virtual machines). It provides a lightweight and fast infrastructure to run updates and make changes. It also encapsulates the entire code with its dependencies, libraries, and configuration files, effectively removing errors that can result from traditional configurations.

**Answer to Complaint No. 3:** Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies them.

**Complaint No. 4:** For years, VirtaMove has helped customers repackage, migrate and refactor thousands of important, custom, and packaged Windows Server, Unix Sun Solaris, & Linux applications to modern, secure operating systems, without recoding. VirtaMove's mission is to move and modernize the world's server applications to make organizations more successful and secure. VirtaMove has helped companies from many industries achieve modernization success.

**Answer to Complaint No. 4:** Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies them.

**Complaint No. 5:** The use of containerization has been growing rapidly. For instance, one source predicted the application containers market to reach $2.1 billion in 2019 and $4.3 billion in 2022 — a compound annual growth rate ("CAGR") of 30%. *See, e.g.*, https://digiworld.news/news/56020/application-containers-market-to-reach-43-billion-by-2022. Another source reported the application containers market had a market size of $5.45 billion in 2024 and estimated it to reach $19.41 billion in 2029—a CAGR of 28.89%. *See, e.g.*, https://www.mordorintelligence.com/industry-reports/application-container-market.

**Answer to Complaint No. 5:** Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies them.

**Complaint No. 6:** Microsoft is a Washington corporation with a principal place of business located at 1 Microsoft Way, Redmond, Washington 98052-8300. Microsoft is registered to do business in Texas and can be served via its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. Microsoft maintains a permanent physical presence within the Western District of Texas, conducting business from at least its locations at: 10900 Stonelake Boulevard,

1617647690

Suite 225, Austin, Texas 78759; Concord Park II 401 East Sonterra Boulevard, Suite 300, San Antonio, Texas 78258; as well as other locations in and around the Austin and San Antonio areas.

**Answer to Complaint No. 6:** Microsoft admits that it is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington, 98052. For purposes of this action only, Microsoft admits that it is registered to do business in Texas and, as of the time of service of the original Complaint, could be served via its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. For purposes of this action only, Microsoft also admits that it has facilities at 10900 Stonelake Boulevard, Suite 225, Austin, Texas 78759 and 401 East Sonterra Boulevard, Suite 300, San Antonio, Texas, 78258. Microsoft denies the remaining allegations of Paragraph 6.

## JURISDICTION AND VENUE

**Complaint No. 7:** This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**Answer to Complaint No. 7:** Microsoft admits that Plaintiff's Complaint purports to arise under the patent laws of the United States, Title 35 of the United States Code. Microsoft denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of the Asserted Patents and denies that Plaintiff is entitled to any relief. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 and therefore denies them.

**Complaint No. 8:** This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over

1617647690

Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents.

**Answer to Complaint No. 8:** Microsoft does not contest at this time, for purposes of this action only, whether Microsoft is subject to this Court's specific personal jurisdiction. The remaining allegations of Paragraph 8 constitute opinions, arguments, and conclusions of law rather than factual assertions, and therefore, require no response. To the extent a response is required, Microsoft denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of the Asserted Patents and denies that Plaintiff is entitled to any relief. Microsoft denies the remaining allegations of Paragraph 8.

**Complaint No. 9:** Venue is proper in this District because Defendant resides in this District, has a regular and established place of business in this District, and has committed acts of infringement within this District.

**Answer to Complaint No. 9:** Paragraph 9 alleges legal conclusions to which no response is required, and therefore, Microsoft denies them. To the extent a response is required, Microsoft denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of the Asserted Patents and denies that Plaintiff is entitled to any relief. Microsoft also denies that venue in this District is convenient. Microsoft denies the remaining allegations of Paragraph 9.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,519,814

**Complaint No. 10:** VirtaMove realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

1617647690

**Answer to Complaint No. 10:** Microsoft repeats and incorporates each and every response to the foregoing paragraphs as if fully set forth herein.

**Complaint No. 11:** VirtaMove owns all rights, title, and interest in U.S. Patent No. 7,519,814 ('814 patent), titled "System for Containerization of Application Sets," issued on April 14, 2009. A true and correct copy of the '814 Patent is attached as **Exhibit 1**.

**Answer to Complaint No. 11:** Microsoft admits that the '814 patent is titled "System for Containerization of Application Sets" and states on its face that it was issued on April 14, 2009. Microsoft admits that what purports to be a copy of the '814 patent is attached to the Complaint as **Exhibit 1**. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and therefore denies them.

**Complaint No. 12:** On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as, e.g., Azure Kubernetes Service ("AKS"), that directly infringe, literally and/or under the doctrine of equivalents, claims of the '814 patent. The infringement of the Asserted Patents is also attributable to Defendant. Defendant directs and controls use of the Accused Products to perform acts that result in infringement the Asserted Patents, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

**Answer to Complaint No. 12:** Microsoft admits that it offers a service called Azure Kubernetes Service (AKS). The remaining allegations of Paragraph 12 contain legal conclusions to which no response is required, and therefore, Microsoft denies them. To the extent a response is required, Microsoft denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of the Asserted Patents and denies that Plaintiff is entitled to any relief. Microsoft denies the remaining allegations of Paragraph 12.

**Complaint No. 13:** Defendant also knowingly and intentionally induces infringement of claims of the '814 patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of the '814 patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and served on Defendant. Despite this knowledge of the '814 patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '814 patent. Defendant does so, knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '814 patent, thereby specifically intending for and inducing its customers to infringe the '814 patent through the customers' normal and customary use of the Accused Products.

**Answer to Complaint No. 13:** Denied.

**Complaint No. 14:** Defendant has also infringed, and continue to infringe, claims of the '814 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently are, contributorily infringing the '814 patent, in violation of 35 U.S.C. § 271(c).

**Answer to Complaint No. 14:** Denied.

**Complaint No. 15:** The Accused Products satisfy all claim limitations of one or more claims of the '814 patent. A claim chart comparing independent claim 1 of the '814 patent to a representative Accused Product is attached as **Exhibit 2**, which is hereby incorporated by reference in its entirety.

**Answer to Complaint No. 15:** Microsoft admits that what purports to be a claim chart regarding the '814 patent is attached to the Complaint as **Exhibit 2**. The remaining allegations of Paragraph 15 contain legal conclusions to which no response is required, and therefore, Microsoft denies them. To the extent a response is required, Microsoft denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of the Asserted Patents and denies that Plaintiff is entitled to any relief. Microsoft denies the remaining allegations of Paragraph 15.

**Complaint No. 16:** By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured VirtaMove and is liable for infringement of the '814 patent pursuant to 35 U.S.C. § 271.

**Answer to Complaint No. 16:** Denied.

**Complaint No. 17:** As a result of Defendant's infringement of the '814 patent, VirtaMove is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court. VirtaMove is entitled to past damages under 35 U.S.C. § 287. VirtaMove has complied with the requirements of 35 U.S.C. § 287 and is not aware of any unmarked products that practice the claims of the '814 patent. In the alternative, either VirtaMove's product was marked before the filing of this lawsuit, or no requirement for marking applies.

**Answer to Complaint No. 17:** Microsoft denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of the Asserted Patents. Microsoft denies that Plaintiff is entitled to monetary damages, fees, costs, past damages, or any other relief. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 regarding patent marking and therefore denies them. Microsoft denies the remaining allegations of Paragraph 17.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 7,784,058**

**Complaint No. 18:** VirtaMove realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

**Answer to Complaint No. 18:** Microsoft repeats and incorporates each and every response to the foregoing paragraphs as if fully set forth herein.

**Complaint No. 19:** VirtaMove owns all rights, title, and interest in U.S. Patent No. 7,784,058 ('058 patent), titled "Computing System Having User Mode Critical System Elements as Shared Libraries," issued on August 24, 2010. A true and correct copy of the '058 patent is attached as **Exhibit 3**.

**Answer to Complaint No. 19:** Microsoft admits that the '058 patent is titled "Computing System Having User Mode Critical System Elements as Shared Libraries" and states on its face that it was issued on August 24, 2010. Microsoft admits that what purports to be a copy of the '058 patent is attached to the Complaint as **Exhibit 3**. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 and therefore denies them.

**Complaint No. 20:** On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as, e.g., Azure Kubernetes

Service ("AKS"), that directly infringe, literally and/or under the doctrine of equivalents. The infringement of the Asserted Patents is also attributable to Defendant. Defendant directs and controls use of the Accused Products to perform acts that result in infringement the Asserted Patents, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

**Answer to Complaint No. 20:** Microsoft admits that it offers a service called Azure Kubernetes Service (AKS). The remaining allegations of Paragraph 20 contain legal conclusions to which no response is required, and therefore, Microsoft denies them. To the extent a response is required, Microsoft denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of the Asserted Patents and denies that Plaintiff is entitled to any relief. Microsoft denies the remaining allegations of Paragraph 20.

**Complaint No. 21:** Defendant also knowingly and intentionally induces infringement of claims of the '058 patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of the '058 patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and served. Despite this knowledge of the '058 patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '058 patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '058 patent, thereby specifically intending for and inducing its customers to infringe the '058 patent through the customers' normal and customary use of the Accused Products.

**Answer to Complaint No. 21:** Denied.

**Complaint No. 22:** Defendant has also infringed, and continue to infringe, claims of the '058 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently are, contributorily infringing the '058 patent, in violation of 35 U.S.C. § 271(c).

**Answer to Complaint No. 22:** Denied.

**Complaint No. 23:** The Accused Products satisfy all claim limitations of one or more claims of the '058 patent. A claim chart comparing claim 1 of the '058 patent to a representative Accused Product is attached as **Exhibit 4**, which is hereby incorporated by reference in its entirety.

**Answer to Complaint No. 23:** Microsoft admits that what purports to be a claim chart regarding the '058 patent is attached to the Complaint as **Exhibit 4**. The remaining allegations of Paragraph 23 contain legal conclusions to which no response is required, and therefore, Microsoft denies them. To the extent a response is required, Microsoft denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of the Asserted Patents and denies that Plaintiff is entitled to any relief. Microsoft denies the remaining allegations of Paragraph 23.

**Complaint No. 24:** By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured VirtaMove and are liable for infringement of the '058 patent pursuant to 35 U.S.C. § 271.

**Answer to Complaint No. 24:** Denied.

**Complaint No. 25:** As a result of Defendant's infringement of the '058 patent, VirtaMove is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court. VirtaMove is entitled to past damages under 35 U.S.C. § 287. VirtaMove has complied with the requirements of 35 U.S.C. § 287. 35 U.S.C. § 287 requires the marking of a "patented articles," however VirtaMove makes, offers for sale, and/or sells software and software support services. VirtaMove is unaware of instances where it made, offered for sale, and/or sold "a processor," as required by claim 1 of the '058 patent, with these products. Thus, VirtaMove is not required to mark any of these products that it makes, offers for sale, and/or sells. In the alternative, to the extent VirtaMove is found to have "made," "offered for sale," and/or "sold" "patented articles," including to the extent VirtaMove is found to have made, offered for sale, and/or sold products with "a processor" as required by claim 1 of the '058 patent, VirtaMove's products were marked before the filing of this lawsuit.

**Answer to Complaint No. 25:** Microsoft denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of the Asserted Patents. Microsoft denies that Plaintiff is entitled to monetary damages, fees, costs, past damages, or any other relief. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 regarding patent marking and therefore denies them. Microsoft denies the remaining allegations of Paragraph 25.

## PRAYER FOR RELIEF

The Prayer for Relief requires no response. To the extent any response is required, Microsoft denies that Plaintiff should be granted any of the relief requested.

## DEMAND FOR JURY TRIAL

The jury demand requires no response.

## GENERAL DENIAL

To the extent any allegations in Plaintiff's Complaint are not specifically admitted, Microsoft denies them.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Microsoft alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and then only to the extent required by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to its responses above, Microsoft reserves the right to modify, amend, and/or expand upon these defenses as discovery proceeds, and to allege additional defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

Microsoft does not and has not infringed any valid claim of any of the VirtaMove Patents either directly, by way of induced or contributory infringement, literally, and/or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

The Asserted Patents are invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

For example, the Asserted Patents are invalid in view of the prior art disclosed in public petitions for *inter partes* review filed by third parties and not Microsoft, including petition Nos. IPR2025-00561, IPR2025-00566, IPR2025-00563, IPR2025-00488, IPR2025-00487, IPR2025-00490, IPR2025-00489, IPR2025-00591, and IPR2025-00599.

The Asserted Patents also claim unpatentable subject matter under Section 101 grounds. The Asserted Patents, which both issued before *Alice*, are directed to abstract ideas concerning the functional replicating or copying of system elements or files for use in running applications. The components of the claimed system are nothing more than functional recitations of conventional technology with no new hardware, software, or methods suggested.

### FOURTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

Plaintiff's claims for damages for infringement of the VirtaMove Patents are limited pursuant to 35 U.S.C. § 286.

### FIFTH AFFIRMATIVE DEFENSE
### (Patent Marking)

Plaintiff's claims for damages for infringement of the VirtaMove Patents are limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement. On information and belief, Plaintiff has failed to prove that it and/or any of its licensees complied with the patent marking requirements of 35 U.S.C. § 287 and *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350 (Fed. Cir. 2017).

1617647690

## SIXTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel and/or Disclaimer)

Plaintiff's claims are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer. During the prosecution of the Asserted Patents, the patent application to which the Asserted Patents claim priority (U.S. Patent Application Nos. 10/939,903 ("the '903 Application") and 10/946,536 ("the '536 Application")), and the other patent applications related to the Asserted Patents, the United States Patent and Trademark Office ("USPTO") Examiners made multiple rejections in view of the prior art. The Patentees made arguments, amendments, admissions, representations, and statements during those prosecutions to overcome those rejections and/or gain allowance of the claims. Plaintiff is estopped from construing the claims of the Asserted Patents to cover or include, either literally or under the doctrine of equivalents, products or methods that were surrendered because of arguments, amendments, admissions, representations, and/or statements made before the USPTO.

## SEVENTH AFFIRMATIVE DEFENSE
### (Ensnarement)

VirtaMove's claims are barred or limited in whole or in part by the doctrine of ensnarement. Plaintiff is foreclosed from asserting infringement under the doctrine of equivalents to the extent the scope of such equivalent would ensnare prior art.

## EIGHTH AFFIRMATIVE DEFENSE
### (Attorneys' Fees and Costs)

VirtaMove cannot show this is an exceptional case and therefore has no basis to recovery of attorneys' fees and cannot recover as a matter of law under 35 U.S.C. § 285, the Court's inherent powers, or any other fee-shifting authority.

1617647690

**NINTH AFFIRMATIVE DEFENSE**
**(License, Implied License, Covenant Not to Sue, Exhaustion)**

On information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrines of license, implied license, covenant not to sue, and/or exhaustion. For example, Plaintiff's claims are barred to the extent that its allegations rely on the operation of any licensed product or service.

**TENTH AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

On information and belief, to the extent that VirtaMove was not the sole and total owner of all substantial rights in any of the Asserted Patents as of the filing date of the Complaint, VirtaMove lacks standing to bring one or more claims in this lawsuit.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Actions of Others)**

VirtaMove's claims are barred, in whole or in part, because Microsoft is not liable for the acts of others over whom it has no control.

**TWELFH AFFIRMATIVE DEFENSE**
**(Government Patent Use)**

VirtaMove's remedies are limited under 28 U.S.C. § 1498(a). Microsoft is not liable to the extent the Accused Products were used or manufactured by or for the United States, and to the extent the Accused Products were used or manufactured by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, according to at least 28 U.S.C. § 1498.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(No Equitable Entitlement to Injunctive Relief)**

VirtaMove is not entitled to injunctive relief at least because any alleged injury to VirtaMove is not immediate or irreparable, and VirtaMove has an adequate remedy at law for its

claims. VirtaMove will not be able to demonstrate (1) irreparable injury, (2) that damages are inadequate remedies, (3) that an equitable remedy is appropriate on balance, and (4) that the public interest would not be disserved by the issuance of an injunction.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Microsoft prays for relief as follows:

A. That Plaintiff's Complaint against Microsoft be dismissed in its entirety with prejudice and that a judgment be entered in favor of Microsoft and against Plaintiff;

B. That Plaintiff take nothing by reason of its Complaint;

C. That the Court enter an order under 35 U.S.C. § 285, awarding Microsoft its reasonable attorney's fees and costs of suit incurred in this litigation, as Plaintiff's conduct as set forth above renders this an exceptional case; and

D. That Microsoft be granted all such other and further relief as the Court deems just and proper.

## JURY DEMAND

Microsoft demands a trial by jury on all claims and defenses so triable.

Dated: March 14, 2025

Respectfully submitted,

*/s/ John M. Guaragna*
John M. Guaragna
Texas Bar No 24043308
DLA PIPER LLP (US)
303 Colorado, Suite 3000
Austin, TX 78701
Tel: 512.457.7125
Fax: 512.457.7001
john.guaragna@us.dlapiper.com

**ATTORNEY FOR DEFENDANT MICROSOFT CORPORATION**

1617647690

## CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on March 14, 2025 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail on this same date.

                                            By */s/ John M. Guaragna*
                                                  John M. Guaragna

1617647690